USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/17/15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAJENDRA MAHARAJ,

Plaintiff,

-against-

RED SHIRT ENTERTAINMENT, LLC, CONSERVATION, LLC, and FRANK O'BRIEN,

Defendants.

**MEMORANDUM AND ORDER**

14-CV-3486 (ALC)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

## INTRODUCTION

On May 14, 2014, Rajendra Maharaj ("Maharaj") commenced this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, and the New York State Labor Law, alleging, inter alia, that his former employers, Red Shirt Entertainment, LLC ("Red Shirt Entertainment"), Conversation, LLC ("Conversation") and their owner Frank O'Brien ("O'Brien"), withheld his wages, unlawfully, for work that was performed. Before the Court is the motion by defendants' counsel, Michael Chong ("Chong"), made pursuant to Local Civil Rule 1.4 of this court, for leave to withdraw as counsel to the defendants. The plaintiff opposes the motion.

## BACKGROUND

Maharaj is an award-winning theater artist and director, who resides in Brooklyn, New York. Red Shirt Entertainment is a production company located at 18 West 23rd Street, New York, New York. Conversation is a marketing and advertising agency located at the same address.

As set forth in the affidavit Chong submitted in support of his motion, Chong was retained to represent the defendants in this action on an hourly fee basis. Chong maintains that he has sent invoices to the defendants for services performed and litigation expenses, and the defendants have a substantial outstanding balance due to him. Chong contends that he is a solo practitioner and has incurred financial hardship by continuing to represent the defendants without receiving payment for his services.

Chong asserts that a "general breakdown in communication" with the defendants has occurred. Chong contends that he submitted numerous unsuccessful requests to the defendants for material and information responsive to the plaintiff's discovery demands. According to Chong, during a conference before the Court on June 4, 2015, scheduled to address the deficiencies in the defendants' responses to the plaintiff's discovery demands, the Court ordered the defendants to provide the requested material on or before June 16, 2015. Chong contends that, although he communicated with the defendants on many occasions to advise them of the June 16, 2015 deadline to provide discovery responses, the defendants failed to: (1) reply to his communications; and (2) provide him with the information and documents responsive to the plaintiff's discovery demands so that a timely surrender of the material could be made to the plaintiff. As a result, the plaintiff's counsel, on June 24, 2015, again requested the Court's intervention. In his affidavit, Chong notes that in light of the defendants' failure to comply with the plaintiff's discovery demands, he advised O'Brien that he intended to seek the Court's permission to withdraw as counsel and that O'Brien advised that he consented, and would retain new counsel. According to Chong, inasmuch as a breakdown in attorney-client communications has occurred, and the defendants have failed to pay substantial legal fees incurred to date, the

request that he be permitted to withdraw as counsel to the defendants should be granted. Chong has advised the Court that he is asserting a retaining lien.

Maharaj opposes Chong's motion to withdraw as counsel to the defendants. In a certification in opposition, Maharaj's counsel, Michael R. Futterman ("Futterman"), contends that the motion to withdraw is a "tactical choice devised by Frank O'Brien in order to delay and prolong these proceedings." Futterman notes that "Mr. Chong twice agreed – at the direction of this Court – to produce relevant documents." However, his "efforts to comply with this Court's orders were thwarted by Defendants' utter refusal to provide . . . relevant documents, despite repeated requests from Mr. Chong to do so." The plaintiff requests that the Court deny Chong's motion or "require [the defendants] to retain new counsel within [seven] days of the Court's decision on this motion or have their pleadings stricken."

## DISCUSSION

### ***Legal Standard***

Local Civil Rule 1.4 provides in pertinent part that:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

"In determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." Farmer v. Hyde Your Eyes Optical, Inc., 60 F. Supp. 3d 441, 444-45 (S.D.N.Y. 2014) (internal quotation marks and citation omitted). In addition, "district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." Whiting v. Lacara, 187 F.3d 317, 320-21 (2d Cir.

1999)(quoting Brown v. National Survival Games, Inc., No. 91-CV-221, 1994 WL660533, at *3 (N.D.N.Y. Nov. 18, 1994)) (internal quotation marks omitted). "[A] client's refusal to pay the attorney or cooperate with the attorney is a satisfactory reason for allowing the attorney to withdraw." Farr Man Coffee, Inc., v. M/S Bernhard S, No. 87 CIV. 1267, 1989 WL 31529, at *1 (S.D.N.Y. March 28, 1989).

***Application of Legal Standard***

This action has been stalled by the failure of the defendants to cooperate with their counsel in responding timely to the plaintiff's discovery demands. The withdrawal of Chong, as the defendants' counsel, will not cause any interdiction in the progress of the action. Indeed, it may accelerate the action's movement toward trial as: 1) the defendants have indicated to Chong that they are prepared to engage new counsel; and 2) the arrival of new counsel will remedy the breakdown in the attorney-client relationship that has frustrated the advancement of the litigation. These factors, as well as the defendants' refusal to compensate Chong for the legal services he has rendered, militate in favor of granting the motion to withdraw as counsel that Chong has made.

**CONCLUSION**

For the reasons set forth above, Chong's motion to withdraw as counsel to the defendants, Docket Entry No. 33, is granted. The defendants' new counsel must file a notice of appearance with the Clerk of Court within fourteen (14) days of the date of this order. Should defendant O'Brien elect not to engage counsel to represent him and to proceed pro se, he must, within fourteen (14) days of the date of this order, submit the address and telephone number at which he may be reached to the court's Pro Se Office, which is located at 500 Pearl Street, Room

200, New York, New York 10007, Chong is directed to serve a copy of this Memorandum and Order on the defendants and to file proof of service with the Clerk of Court, expeditiously.

Dated: New York, New York
September 17, 2015

SO ORDERED:

Kevin Nathaniel Fox
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE